### Application of KROGEL AIR FREIGHT SERVICE, Inc.
No. 8688-CCB.

Florida Public Service Commission.

March 31, 1967.

Richard J. Brooks, Tallahassee, for the applicant.

J. B. Rodgers, Orlando, for City Cab Company of Orlando, Inc. and Yellow Cab Co. of Orlando, Inc., protestants subsequent to the hearing.

Chairman WILLIAM T. MAYO, Commissioners JERRY W. CARTER and EDWIN L. MASON participated in the disposition of this matter.

## BY THE COMMISSION.

Pursuant to statutory notice, the commission, by its duly designated chief examiner, William L. Weeks, held a public hearing on this application in Winter Park on November 10, 1966. Having fully considered the entire record herein, the commission now enters its order in this cause.

By this application, Krogel Air Freight Service, Inc. seeks a certificate of public convenience and necessity authorizing the transportation in limited common carriage of passengers and their baggage over irregular routes with on-call service between all points and places in Seminole, Osceola and Orange Counties, on the one hand, and McCoy Jet Port, Orlando, Orange County, on the other hand, with all movements originating or terminating at McCoy Jet Port, Orlando, providing limousine service in limousines with 12-passenger capacity.

At the outset of the hearing, the application was restrictively amended to the effect that no charter rights are sought hereby.

Applicant holds for hire permit no. 1210 issued by this commission authorizing the transportation of air freight, and is experienced in the field of transportation. Applicant's president testified that it has firm plans and arrangements to secure four air-conditioned 12-passenger (including the driver) Pontiac vehicles in the event this application is granted. The record clearly shows the applicant is qualified, financially and otherwise, to render the proposed transportation service.

Representatives of Eastern and National Air Lines appeared in support of this application and testified as to the need and use their respective companies would have for applicant's services. Each company experiences repeated and consistent inquiries for a limousine type service into the subject area from customers through reservation calls and in their ticket sales and from travel agencies. From the demand for such service they are of the opinion that it would be an asset in providing a total transportation service to their customers. The assistant aviation director for the city of Orlando appeared in support of a limousine service of the nature proposed by the applicant and testified that there would be no difficulty in the applicant securing a permit from the city to operate at the city airport.

The testimony of a representative of Tupperware with a plant located at Kissimmee shows that his company has a definite need for a limousine-type service between his company's plant and

McCoy Jet Port at Orlando. This company uses air travel very extensively and it has 25 to 30 company executives who regularly must travel between McCoy Jet Port and the plant at Kissimmee. Such personnel complain of the inconvenience in getting to and from the airport and of the necessity of using company cars. In addition, there is a substantial number of vendors who daily come to the company's plant from out of state and voice this same complaint. Along this line the manager of Quality Court Motel Gardens located at Orlando testified of the need for improved service for its guests to and from the airport and of the inquiries by guests as to the existence of limousine service of the nature proposed by the applicant.

From the testimony and evidence adduced in this cause, the commission finds that there is a substantial demand and need by air line passengers for such a limousine-type service as proposed by the applicant which is not presently available, and concludes that public convenience and necessity require the grant of the application, as amended, and that the grant of the application will not adversely affect existing transportation facilities or transportation as a whole within the territory involved.

Further, pursuant to the requirements of section 323.042. Florida Statutes, consideration was given during the hearing to the question of whether or not it would be contrary to the public interest for the applicant herein to hold a common carrier certificate in addition to a for hire permit and the commission finds that such, in the instant case, would not be contrary to the public interest. Applicant's operations are geared to servicing air lines.

City Cab Company of Orlando, Inc. and Yellow Cab Company of Orlando, Inc. did not appear at the hearing in this matter, but subsequently petitioned to file protests to the application.

On November 23, 1966, City Cab Company of Orlando, Inc. and Yellow Cab Company of Orlando, Inc. filed a joint "Extraordinary Petition for Reconsideration," stating, in essence, that they had not received notice of the hearing on the application of Krogel. On February 3, 1967, Mr. J. B. Rodgers, duly designated attorney for City Cab and Yellow Cab, filed another "Extraordinary Petition for Reconsideration" adopting the earlier "Extraordinary Petition for Reconsideration" filed on November 23, 1966. On February 10, 1967, applicant filed a "Motion to Dismiss" the various petitions filed by Yellow Cab and City Cab.

A public hearing was held on the motion of the applicant on February 27, 1967, and oral arguments heard by the full commission. Protestants City Cab and Yellow Cab basically protested the fact that they, as for hire permit holders, were not given notice of the common carrier application. The commission is of the opinion that for hire master permit holders within the territory involved are not entitled to notice of a hearing on a common carrier application. The commission has stated its position on January 22, 1966, in order no. 7286, docket no. 8263-CCB, wherein we said —

> "However, a for hire permit issued as a 'matter of right and of course' is not 'transportation facilities' or part of the 'transportation as a whole' as contemplated by section 323.03(3), Florida Statutes, where such law states that a certificate may be granted 'only when the existing certificate . . . holders serving such territory fail to provide service.' . . . Further, these putative protestants merely have authority to go occasionally to the airport and not from the airport as they are and have been doing."

The commission having been fully advised in the premises, it is ordered that the application of Krogel Air Freight Service, Inc., P. O. Box 6016-B, Air Cargo Terminal Building, Orlando, be and the same is hereby granted, and that certificate of public convenience and necessity no. 961 be issued to Krogel Air Freight Service, Inc., P. O. Box 6016-B, Air Cargo Terminal Building, Orlando, authorizing the transportation in limited common carriage of passengers and their baggage, over irregular routes with on-call service between all points and places in Seminole, Osceola and Orange Counties, on the one hand, and McCoy Jet Port, Orlando, on the other hand, with all movements originating and terminating at McCoy Jet Port, providing limousine service in limousines with 12-passenger capacity subject to the restriction that no charter rights are granted hereby.

It is further ordered that the "Motion to Dismiss" filed by applicant on February 10, 1967 be and the same is hereby granted.

It is further ordered that the applicant comply with this commission's rules and regulations pertaining to tariffs, safety, road tax, registration of equipment, and insurance. Commissioner tax, registration of equipment, and insurance.

Commissioner CARTER dissents.